IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DOROTHY ARCIA                                                        PLAINTIFF

vs.              Civil Case No. 4:04CV00597 HLJ

JO ANNE B. BARNHART, Commissioner,
Social Security Administration                                       DEFENDANT

## ORDER

On September 22, 2005, the court entered a Memorandum and Order and a Judgment in this case, reversing the decision of the Commissioner and remanding this case for further evaluation. Plaintiff has now filed a motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. She requests $4115.64 in fees, representing 24.80 hours of attorney work performed in 2004 at a rate of $153.26 per hour, and 2.00 hours of work performed in 2005 at a rate of 157.40. Plaintiff also requests reimbursement for expenses in the amount of $74.47. Defendant does not object to an award of fees and costs under the EAJA, and she does not object to the number of hours requested, the hourly rates requested or the amount of expenses.

Title 28 U.S.C. § 2412(d)(2)(A)(ii) provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. §

2412(d)(2)(A) (emphasis added).[1]  In Johnson v. Sullivan, 919 F.2d 503, 504-05 (8th Cir. 1990), the court held that a district court should increase the statutory rate for attorney's fees if the plaintiff presents "proper proof" that there has been an increase in the cost of living since the enactment of the EAJA.  See also Hickey v. Secretary of HHS, 923 F.2d 585, 586 (8th Cir. 1991).  The court deemed the Consumer Price Index (CPI) to be "proper proof" of an increase in the cost of living.  Johnson, 919 F.2d at 504-05.

This court has granted an 11% cost of living increase in this rate, to $138.00 per hour, based on the Consumer Price Index.  See e.g., Brown v. Massanari, Case No. 3:99CV00458 (E.D.Ark. Sept. 19, 2001); Handford v. Massanari, Case No. 3:99CV00423 (E.D.Ark. Sept. 25, 2001).  In those cases, the plaintiffs presented sufficient proof of an 11% increase in the cost of living from March of 1996, when § 2412(d)(2)(A)(ii) was last amended, to December of 2000.  Plaintiff here seeks an additional enhancement based on an increased cost of living up to December of 2005.  As it did in Brown and Handford, the court declines in this case to consider an increase in the cost of living beyond December of 2000.

However, the Office of the General Counsel of the Social Security Administration has entered into agreements with counsel for other plaintiffs in cases in this district to calculate attorney's fees on an annualized basis, using the Consumer Price Index for All

---

[1] On March 29, 1996, the EAJA was amended to increase the statutory maximum fee from $75 to $125 an hour.  Pub. L. 104-121, Title II, § 232, 110 Stat. 863.

Urban Consumers (CPI-U).  The parties in those cases agreed that work performed in 2004 should be compensated at the rate of $152.00 per hour, and work performed in 2005 should be compensated at the rate of $156.00 per hour.  See Cloinger v. Barnhart, 2:04cv00172 (E.D. Ark. 2006).  Plaintiff will be granted those hourly rates of compensation.  The court also grants Plaintiff's request for compensation for expenses in the amount of $74.47.  Thus, counsel should be compensated for 24.80 hours of work at the rate of $152.00, or $3769.60, for 2.00 hours of work at the rate of $156.00, or $312.00, and $74.47 in expenses, for a total of $4156.07.

IT IS THEREFORE ORDERED that Plaintiff's motion for attorney's fees is GRANTED and Plaintiff is hereby awarded fees in the amount of $4156.07.  The Commissioner is directed to certify said award and pay Plaintiff's attorney this amount.

SO ORDERED this 23rd day of June, 2006.

/s/ Henry L. Jones, Jr.
United States Magistrate Judge